## Thomas Lawler *vs.* Timothy K. Earle.

The presiding judge at a trial may inquire of the jury on what ground they found their verdict, in the absence and without the consent of counsel; and their reply to such inquiry may be considered by this court, in determining the materiality of questions presented on a bill of exceptions.

If, in an action for slander, a verdict has been found for the defendant on the ground that the words were privileged, questions arising in the course of the trial as to the admission or exclusion of evidence in reference to the truth of the words spoken, and as to the defence of justification on the ground that the words spoken were true, are immaterial.

The owner of a building which has been set on fire may caution the persons employed by him therein, against a particular person suspected of being the incendiary; and his statements to them, if made in good faith for this purpose, are privileged communications, although they contain an unfounded criminal charge against the suspected person.

For the purpose of proving that the owner of a building which has been set on fire had reason to believe that a particular person was the incendiary, and used good faith in making statements charging him with the crime, evidence that he was informed of declarations and acts of the suspected person tending to show his guilt is competent.

An objection to evidence on the ground that it was not admissible under the pleadings cannot be taken for the first time in this court, on a bill of exceptions.

Tort for slander in charging the plaintiff with having burned a building, the property of the defendant and Edward Earle.

At the trial in the superior court, before *Putnam*, J., the speaking of the words was proved. Various grounds of defence were relied upon, and questions arose relative to the admission of evidence and rulings of the judge upon the question of damages, and also upon the question of justification of the words on the ground that they were true, which became immaterial, as the decision was put on other grounds.

The defendant was permitted to testify, against the plaintiff's objection, that a few weeks before the fire one Hacker had said to him, in relation to a fire in the same building a few months before : " I guess I have got some clew to the fire in your factory last summer. I sued Lawler, and he has been into my shop and said that he knew who put me up to this ; it was the damned Earles on the hill, and that he would be revenged ; that he had got the Spanish blood in him, and should be even with them." The defendant further testified that he understood Lawler, the plaintiff, to be the person referred to by Hacker.

Hacker was also called as a witness, and was permitted to testify, against the plaintiff's objection, that Lawler made the statement to him, and he repeated the same to the defendant.

The plaintiff requested the court to instruct the jury that, if he proved the speaking of the words alleged, the defendant could not justify the speaking by showing that they were privileged communications. The court declined so to rule, and instructed the jury "that, the evidence tending to show that the words were spoken by the defendant to persons employed by him in the building which had been set on fire, and for the purpose of putting them on their guard against him, the conversation and the words spoken were *prima facie* privileged communications, which the defendant was justified in making, if he believed the facts stated to be true and acted in good faith in, uttering them, of which the jury were to judge; that being thus *prima facie* privileged, the legal inference of malice, which otherwise would result from the nature of the words spoken, was rebutted, and that the burden still rested on the plaintiff to show malice."

The jury returned a verdict for the defendant, and, in answer to an inquiry of the judge, said, through the foreman, that they found that the words were not spoken maliciously, and that they did not consider the question of their truth. The counsel of both parties were absent when the verdict was returned, and the plaintiff's counsel did not assent to, or know of the question put by the judge. The plaintiff alleged exceptions.

*F. H. Dewey & E. B. Stoddard*, for the plaintiff. The court should not have assumed that the evidence tended to show that the words were spoken by the defendant to persons employed by him, and for the purpose of putting them on their guard against the plaintiff; but should have instructed the jury that if the evidence satisfied them of these facts, then the words were *prima facie* privileged. *Hoar* v. *Wood*, 3 Met. 193. *Bulkeley* v. *Keteltas*, 2 Selden, 387. [The argument as to questions found to be immaterial is omitted.] The statement in the bill of exceptions of the reply of the foreman of the jury to the question of the judge cannot, under the circumstances, vary the plaintiff's

right of exception to the rulings. No special questions were submitted to the jury for them to consider and answer. No record of their answer was made. It was an inquiry supposed to be made by the judge for his own personal information.

*D. Foster & T. L. Nelson*, for the defendant.

CHAPMAN, J. It is the duty of a party alleging exceptions to state the rulings and the evidence so fully, as to enable this court to understand clearly not only the rulings, but their application to the case. We cannot sustain exceptions, except so far as we can see that the rulings were erroneous. The present bill of exceptions lacks clearness and fulness in some particulars.

The verdict was rendered for the defendant, on the ground that the words spoken were privileged communications. The ruling as to the nature of privileged communications, though not clearly expressed, is in substantial conformity with the opinion of the court in the case of *Gassett* v. *Gilbert*, 6 Gray, 94. Whether there was sufficient evidence to sustain this defence does not appear. Testimony as to what the defendant had been told by Hacker and others was admissible because it tended to show that the defendant spoke the words in good faith, and believed them to be true. It thus rebutted the charge that they were fabricated by him maliciously. Where one's belief or state of mind is to be proved, evidence of communications made to him a considerable time beforehand is competent. *Carpenter* v. *Leonard*, 3 Allen, 32.

All the rulings and evidence on the subject of justification on the ground that the words were true, and as to the mitigation of damages, are rendered immaterial by the finding of the jury.

The question whether the answer was sufficient to authorize the defence that the words were privileged is not presented by the bill of exceptions, and cannot be considered. *Wall* v. *Provident Institution for Savings*, 3 Allen, 98.

*Exceptions overruled.*